**Eva HALBERT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 22, 1960.

Tackett & Tackett, Prestonsburg, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Eva Halbert was convicted of possessing alcoholic beverages for the purpose of sale in local option territory. KRS 242.230. She has moved for an appeal from a judgment imposing a fine of $100 and a 60-day jail sentence.

In seeking a reversal of the conviction it is urged that the trial court erred in overruling the defendant's motion for a continuance of the trial of the case. The principal ground for continuance was that defendant could not obtain a fair trial during the term of court then in session, because the trial judge had lectured the members of the petit jury panel concerning their duties and responsibilities as trial jurors. The affidavit which was filed in support of defendant's motion for a continuance of her case contained these allegations:

"Further the defendant says that she cannot obtain a fair and impartial trial at this term of Court at the hands of the present jury because of the fact that, even though this is a civil term of court, there are a few criminal cases set for trial, and the Court after qualifying the jurors for this term, proceeded to lecture them in substance as follows:

"The court has a few things to say to the jury. This is a dry county and jurors must not have sympathy for some boy or girl just because you may have a boy or girl. We must get tough and enforce the law.

"A deputy sheriff's car has been shot into and it is up to us to stop this kind of thing and back the officers up.

\*　　\*　　\*　　\*　　\*　　\*

"That the deputy sheriff above referred to in the Court's lecture to the jury is Joe Wheeler Lewis, a deputy sheriff of Floyd County, upon whose life there may have been two attempts made within the past week or ten days, and this officer is the chief prosecuting witness against this defendant. That these attempts on his life have been publicized in newspapers, radio and by word of mouth and unquestionably these facts are known to practically all the present panel of jurors.

"That the said Joe Wheeler Lewis is now nursing a wound from the last attempt on his life and will appear before the jury as a witness in this case in that condition, and because of these facts, including the lecture of the judge to jury on the policy of 'get tough and back up your officers' the defendant cannot have a fair and impartial trial by an unbiased jury."

Not every act or statement of the trial judge which occurs in the presence or hearing of the petit jury is accepted by this Court as prima facie prejudicial to the constitutional right of the accused to obtain a fair trial. However, when the statements allegedly made by the trial judge are considered collectively, we must presume that these remarks tended to create such an impression upon the minds of the jurors as to prejudice the accused's opportunity to obtain an impartial trial. Therefore, it is our conclusion that the trial court committed prejudicial error in failing to grant the defendant a continuance of the trial of the case.

Wherefore, the motion for an appeal is sustained; the appeal is granted; and the judgment is reversed, with directions to grant the defendant a new trial.